Jones, J.,
delivered the opinion of the Court.
This was a petition brought by the plaintiff in error, being also plair.t'ff below,, against the defendants, praying that certain mortgaged premises may be sold to pay the amount of part of the moneys thereby secured; to which there was a general demurrer and joinder» The Court sustained the demurrer, and gave judgment for the defendant ;• to reverse which, this writ of error was brought.
The petition states, that on the 30th May, 1820, in consideration of $233, then paid, and also of the further sum of $4,000, secured to be paid as thereinafter mentioned, did, by deed, sell and convey unto John Holbrook and his heirs, the several lots or parcels of land therein described, (the premises mortgaged being part of them).. But the said deed was made on the express conditions and limitations, that, whereas, the said John Holbrook and Stephen Gay, on the seventh day of September, then last, fog and in1 consideration of the purchase of the said several lots, by the said deed sold, and those the same day of the date of the aforesaid deed, conveyed to Lucinda Gay, widow and devisee of the said, Stephen Gay, as aforesaid, did Execute and deliver to him, the said Carr, their four several promissory notes, under tjieir hands and seals, for tire payment of $1,000 each, payable in two, three, four and five years after date, with interest from the date j- also,.one other note of the-same date, payable in twelve months after date, whereof $566 02 had been paid, and for the balance, being $433 98, they, the said John and Lucinda, had given their own jpint note, payable at the Bank of Missouri, on the seventh September, then next, to, *173 the said John; and had taken up and cancelled the said note of them, the said John and Stephen. It was therefore conditioned in said deed, that if the aforesaid four several notes of $1,000 each, with the interest thereon, which was payable annually, should be punctually paid, as also the aforesaid negotiable note of the said John and Lucinda, according to their respective tenors and dates, then the said deed to the said John should be absolute, in full force and without any condition, limitation, or restriction whatsoever; otherwise it was to be null and void, and of none effect. That, on the 31st May, 1821, a conveyance in fee of the lot therein first above mentioned, was made by .the said John to Lifoe, alias Lifee Holbrook; and that, on 27th July, in the same year, a conveyance in fee, by way of mortgage of the lot (therein) last above mentioned, as conveyed by the said William C. to the said John, was made by the said John to Nathan Shaw, to secure the payment of the sum of $300 to said Shaw; and that, on the 29th of the last mentioned month and year, the (therein) last above mentioned lot was conveyed by the said John to Nancy Holbrook, in fee.
The plaintiff then avers, that the first note above mentioned, under the seal of the said John and Stephen, for §1000, with interest from date, dated on 7th September, 1819, fell due the 7th September (then) last, and that the last note of the said John and Lucinda, for $433 98, was payable on the 7th September, 1820. But that, nevertheless, neither the said John, nor Stephen, nor Lucinda, nor the said Nancy, or Nathan, or Liffee, or any other person, have paid either of the said two notes to the petitioner, nor the interest on the same. Wherefore, the said William C. Carr prayed, that the said Liffee Holbrook, Nancy Holbrook, and Nathan Shaw, might be summoned to appear at the next term of said Court, to show cause why the mortgage aforesaid should not be foreclosed, and the property therein mentioned sold for the payment of the amount due on the said two notes above mentioned, viz: $1433 -98, with interest, and all costs and damages which accrued or might accrue, by reason of the non-payment of the said notes. The petition was filed, and the summons issued on the 14th January, 1822, and returnable on the first Monday .of February, then next, and now last past.
The only error assigned being the general one, the counsel for the parties, on the argument of the cause, made the following points:
First. Whether the proceedings, under our statute, for the foreclosing of a mortgage, and on forcing a sale of mortgaged premises, were not to be considered, as contended by the defendants, as a proceeding in chancery; and if so, that a writ of error would not lie, but the plaintiff’s only remedy, in case he was dissatisfied with the judgment of the Circuit Court, ought to have been by appeal to the Supreme Court of Chancery; and not by writ of error to this Court.
Second. Whether the deed, as set forth in the petition, operated as a mortgage.
With respect to the first point, this Court is of opinion, that the proceedings under the statute, must, by the Legislature, have been intended as a proceeding at common law. The act could, in our opinion, bear no other construction, had the words of it not been so express as they are ; for, after directing the suing out of the petition and the service on the mortgagor, it declares, that if the defendant appears and files his answer, the cmse should proceed as in ordinary cases at common law.
The statute was passed in 1807, when there were no Courts in the Territory vested with Chancery powers. It could not, therefore, have been intended by the statute, that the proceedings under it should be carried on in a common law Court, not vested with chancery powers, as a proceeding in chancery. If such had been the intention, *174 the necessary powers would have been delegated to the respective Courts, in order to carry the act into effect.
With respect to the second point, we are of opinion, that the deed set forth in the petition can be considered in no other light than as a mortgage. This construction is the most benelicial one for the defendants. Their title, by the strict rulos of law, was in default of payment of the monies secured on the several days whereon they ought to have been paid, absolutely vested in the plaintiff, the mortgagee. A Court of equity, however, considers the mortgagee (on forfeiture of the condition) as a trustee of the legal estate, for the mortgagor, who, before foreclosure, is entitled to redeem, on payment of principal money, interest and costs.
Let the judgment of the Circuit Court be reversed, and the cause is remanded to the said Court, with instruction lo overrule the. demurrer, and further to proceed therein, conformably to the above opinion of this Court, to judgment. And let the plaintiff recover against the defendants, his costs and charges in prosecuting his suit in error.