Thayer, assignee of Henning, vs. Isaac R. Campbell, et al.

9   280
48a   78

9   280
52a   134

9   280
62a   29

THAYER, ASSIGNEE OF HENNING, vs. ISAAC R. CAMPBELL, ET. AL.

9   277
176   316

1. A mortgage cannot be assigned unless the debt to secure which the mortgage is given, be also assigned. The mortgage and debt may together be assigned, and the assignee can foreclose at law,

Thayer, assignee of Henning, vs. Isaac R. Campbell, et al.

2. A mortgage given to secure separate debts due to several persons, conveys a general interest and right of action in each, and may be proceeded on by any one, without joining the others.

3. A proceeding to foreclose the equity of redemption of a mortgagor, under our statute is a proceeding at law, and is not governed by the rules of proceedings in equity.

4. One of several mortgagees has no right to make the other mortgagees defendants, on a proceeding under the statute. They are permitted to come in and make themselves defendants, but can not be compelled to do so.

### ERROR to Clark.

LEONARD & BAY, for the Plaintiff in error.

#### POINTS AND AUTHORITIES.

1. The mortgage was given to secure the payment of several demands, and the interest of the mortgagees being several, each had a right to enforce his claim under the mortgage. Burnett vs. Pratte, et al. 22 Pickering, 556. The mortgagees were tenants in common. Statute of 1835, concerning conveyances, sec. 6, p. 119.

2. The mortgagees, Palmer and Lovering, were properly made parties defendants. Had the plaintiff filed his bill in equity to foreclose, instead of proceeding under the statute, he would have been compelled to make the other mortgagees defendants, upon the acknowledged rule in equity, that all having an interest in the subject matter, must be made parties.

Is the rule different in a suit under the statute? This is is not considered a common law proceeding, but rather as an equitable proceeding, regulated by statute. Wilson et al. vs. Bruffee, admr., 6 Mo. Rep. 635.

It certainly was the intention of the statute to make all persons in interest parties. See statute of 1835, concerning mortgages, p. 409. The statute was not intended for the benefit of a certain class of cases only, but as a salutary regulation of proceedings to foreclose mortgages generally.

3. The statute concerning mortgages does not in any respect change the law as it existed previous thereto, but is cumulative. The act was intended to facilitate the remedy, leaving to the mortgagor his right to proceed in equity. The act should therefore receive a liberal construction, so as to carry out the intention of the legislature.

C. WELLS, for Defendant in error.

The defendant in error insists :

1. That the mortgage cannot be assigned either at law or in equity without assigning the debt which it was made to secure.

2. The assignee of a mortgage cannot sue at law.

3. At law all the mortgagees must sue. See the statute of 1839, p. 87. Rules of common law can alone be applied. See sec. 13, 14, p. 87.

Scott, J. delivered the opinion of the court.

Campbell, the defendant in error, executed a mortgage on real and personal estate, to secure three several distinct debts which he owed to James S. Henning, and two others. Henning assigned his interest in the mortgage to Thayer the plaintiff, by a writing endorsed on the mortgage, in these words ; "For and in consideratien of the sum of five hundred and sixty-eight dollars and twenty-seven cents, it being a note held by him against me for that sum, dated Nov. 22d, 1842, and due 6 months from date, I assign all my interest in the within mortgage to Martin Thayer. All collected over said amount to be paid to me." The mortgage recited that Campbell was indebted to Henning in the sum of $597 87 by judgment, and the sum of $26 32 by bond. Thayer filed a petition under the statute to foreclose Campbell's equity of redemption, and made the two other mortgagees defendants in the suit.

To this petition there was a demurrer, which was sustained by the court below, and judgment entered against the plaintiff, to reverse which he has prosecuted this writ error.

In support of the judgment rendered in the court below, the defendants in error rely on four grounds, viz :

1. That an assignment of a mortgage cannot be effected without an assignment of the debt, whose payment is thereby secured.

2. The assignee of the bare mortgage cannot sue at law.

3. That all the mortgagees should have joined in the suit.

4. That the other mortgagees were improperly made parties defendants, this being a statutory proceeding according to the course of the common law, and not a proceeding in conformity to the course and practice adopted by courts of chancery.

The doctrine is asserted in the books that the assignment of a mortgage is regarded as a nullity. Wilson vs. Troup, 2 Cow. 195. This, however, must be intended of cases in which the mortgage alone is assigned, and in which it was the intention of the parties that nothing but the mortgage, disconnected from the debt whose payment was secured by it should pass. It cannot be applied to cases in which although an assignment of the mortgage is in terms made, yet it is clear

from the transaction, that the debt was likewise designed to be transferred. No form of words is exclusively appropriated to create an assignment of a debt. The contract of assignment is to be construed like all other contracts, and as in them, the intention of the parties must prevail, so in this. The assignment endorsed on the mortgage clearly shows that it was designed to transfer as well the debt as the interest in the land. The greater portion of the debt recited in the mortgage, and secured by it, was due on a judgment. It was not evidenced by a bond or note—things capable of delivery. In what more authentic manner could an assignment of a judgment have been effected? There is no foundation in reason or policy for narrowing the construction of the statute allowing an assignee of a debt secured by a mortgage to bring a petition to foreclose the equity of redemption in his own name, to those cases only in which the assignee of a debt could sue at law for its collection. It must have been in the contemplation of the legislature that mortgages are frequently executed to secure the payment of debts whose existence cannot be shown by note or specialty.

The second reason urged in support of the demurrer has been answered by what has been said in relation to the first.

Considering the purposes for which the mortgage was given, we cannot see the necessity or propriety of all the mortgagees uniting as plaintiffs in this suit. Although there is but a single deed of conveyance, yet when we consider that it was executed to secure three several and distinct debts, due to three several individuals, it must be regarded as clearly several in its nature as if those several instruments had been simultaneously executed. A conveyance of interests in land to several, by one instrument, does not necessarily make those interests joint. It is said, though a man covenant with two or more jointly, yet if the interest and cause of action of the covenantees be several and not joint, the covenant shall be taken to be several, and each of the covenantees may bring an action in his own name for his particular damage, notwithstanding the words of the covenant are joint. 1 Saund. 154. In the case of Burnett vs. Pratt, 22nd Pick., the court held it clear that if a mortgage is given to two or more persons to secure their several debts, the mortgage is several and not joint. That each mortgagee has a right to enforce his claim under the mortgage. If the debts secured are equal in amount, the mortgagees will have an equal interest in the morgage; if unequal, their shares will be proportionate to the amounts of their respective debts. As to the difficulties which may be suggested as growing out of the law relative to joint tenancies, in

opposition to this construction of the mortgage, it may be remarked that they are all removed by our statute regulating conveyances, which makes every conveyance to two or more persons a tenancy in common, unless it is expressly declared in such conveyance to be in joint tenancy. Digest, sec. 6, 119.

If the three mortgagees joined in the suit, there could be but one judgment. One of the claims under the mortgage might be contested, and would involve long and tedious litigation, the others might be undisputed, why should those whose claims are admitted to be just, be compelled to suffer the delay and incur the trouble incident to a protracted litigation?

We cannot acquiesce in the view, that the proceedings under the statute relative to mortgages, are like those in courts of equity, or that such proceedings can derive any aid from analogy to the course of practice in those courts. The foundation for the argument is a casual remark made by a judge of this court, in delivering an opinion, and it is strange that it should be relied on for such a purpose, when it had been solemnly determined in the case of Carr vs. Holbrook, et al. 1 Mo. Rep. 240, that proceedings to foreclose a mortgage under the statute, are proceedings at common law, and not governed by the rules in chancery, and when that opinion had been sanctioned and adopted by the late case of McNair vs. Biddle, 8 Mo. Rep. 257. But the act of Feb. 9th, 1839, sec. 13, has put this question at rest, by providing that in all suits commenced in virtue of the act now under consideration, the courts shall proceed as in other actions at law, except in cases not otherwise provided for.

The greatest difficulty in this cause grows out of the fact of making the other mortgagees parties defendants. In proceedings in chancery, if it appears that a party having no interest in the subject matter of the suit is made a defendant, it is generally a cause of demurrer. If this were a procedure according to the course of a court of equity, the mortgagees who are made defendants, could not demur, because it is clear that they are interested, and their interest appearing, a bill would be demurrable in which they were not made parties. The rule being, when a party having an interest as plaintiff will not join in the suit, as such, he must be brought before the court as a defendant. The statute now under consideration is *sui generis*, and it must be confessed, that taken in connexion with the interpretation it has received, it is full of embarrassment and difficulty. The idea of such a proceeding had its origin at an early day in this State, before there was such a thing as a court of equity as contradistinguished from a court of law. At the

time of the first enactment of this law, in the year 1807, the transactions of our people were simple, and freed from those entanglements growing out of an extensive intercourse and commerce.     It was probably designed for those cases in which there was only a mortgagor and mortgagee.   Confined to such, there was no difficulty attending its execution.   Subsequent legislation has made changes in the law, and in practice it has been applied to cases in which many conflicting interests were involved.   The interpretation put upon it by this court, is, that if the first mortgagee files a bill to foreclose, and obtains a decree, the mortgaged property will be sold without regard to the rights and interest of subsequent incumbrancers.  .They at their peril are required to take notice of the proceedings—to come in and have themselves made defendants in order to protect their rights.   Mullanphy vs. Simpson, 3 Mo. Rep. 345.   Russell vs. Heirs of Mullanphy, 4 Mo. Rep. 319. The only inducement the first mortgagee could have for proceeding under this statute, is that he may have a clear sale, without making subsequent incumbrancers parties.   Had it been held that those not made parties to the proceedings could not have been affected by them, all motive for adopting the statutory mode of foreclosure would have been removed, and the statute would have been confined to those cases for which, in all probability, it was originally intended.   The late revision of the laws has remedied this inconvenience in a great measure, and the new provisions engrafted on this statute will have the effect which it ought to have, of inducing all mortgagees, in cases of embarrassment growing out of the number of incumbrances or from other causes, to resort to a bill in equity in order to obtain a foreclosure of the equity of redemption.   From this view of the subject, it cannot well be perceived how the other mortgagees, can be injured by being made defendants, but although they ought not to complain of being thus treated, yet we cannot reconcile their joinder as defendants, with the rights of the mortgagor, who is the proper defendant in this cause.  The plaintiff might certainly have brought a bill in equity to foreclose the equity of redemption, and then the other mortgagees would have properly been made defendants.   He has not thought proper to adopt that mode of procedure, but has taken the statutory remedy.   By the statute those interested are permitted to come in and be made defendants.

There is no other mode designated by which they can be made parties to the suit, and it would seem that the mode of becoming parties is not very material.   But the manner of becoming a party, may affect the interest of the mortgagor, and the courts will certainly be disposed to protect his rights.   If one mode of becoming a party, defendant will

be attended with less cost to the mortgagor, than the other, it will certainly be a reason for choosing that one, especially as it is within the words of the law, and for rejecting the other. The fees for serving process, and the costs of an order of publication in many cases, which are considerable, would be an additional burden thrown upon the mortgagor, if parties are permitted to be made by the petition. As the statute no where authorizes such a mode of making parties, as it is rather against the spirit of the construction put upon the act, and as it will in many cases considerably increase the costs of the mortgagor, we feel ourselves constrained to refuse it our sanction.

Judgment affirmed.

McBRIDE, J., did not sit in this case.