## RILEY'S ADMINISTRATOR, Respondent, v. McCORD'S ADMINIS-
## TRATOR, Appellant.

1. A judgment of foreclosure and that the mortgaged premises be sold, &c., obtained in a proceeding under the act concerning mortgages (R. C. 1845 p. 749), may be revived in the name of the administrator of the mortgagee

Riley's Adm'r v. McCord's Adm'r.

against the administrator of the mortgagor; and that too, although this judgment of foreclosure was obtained by the mortgagee as trustee of a third person.

2. Although a petition for a foreclosure of a mortgage may be addressed to the judge "in chancery sitting," and the petitioner styled "your orator," and it be prayed that "a writ of subpœna issue;" yet if, in accordance with the prayer of the petition, a judgment or decree is rendered that the equity of redemption be foreclosed *and the mortgaged premises sold*, &c., the proceeding will be regarded as a statutory proceeding.

3. An illegality in the grant of letters of administration can not be taken advantage of in a collateral proceeding.

4. After judgment of foreclosure of a mortgage, it is too late to urge against the revival of the judgment by *scire facias* that the mortgage was voluntary.

*Appeal from Callaway Circuit Court.*

This cause has been heretofore in this court. The decision of this court will be found reported in 21 Mo. 285. The cause having been remanded to the court below, the defendant put in an answer in which he alleged that he had not knowledge &c., to form a belief as to the death of Riley, the mortgagee; and admitted the grant of letters of administration upon the estate of Riley to Chase, the plaintiff, but denied his right to administer upon the trust property which belonged to Riley in his capacity of trustee for Mrs. McCord. He alleged that Riley had no estate to administer upon except this judgment of foreclosure, &c., obtained against McCord in his own favor as trustee of McCord's wife; that the decree of foreclosure was not obtained in a proceeding under the act concerning mortgages, but in a proceeding in chancery. Defendant also set up that the mortgages to Riley by McCord were voluntary, without consideration, and were never delivered to Riley, and that Riley never had any knowledge of them; that the plaintiff, Chase, in taking out letters of administration upon the estate of Riley, had not complied with the administration law, in that he had not in his affidavit stated, to the best of his knowledge and belief, the names and places of residence of the heirs of the deceased, and that he died without a will.

The court struck out this answer, on motion of plaintiff. Exceptions were duly taken.

*Gardenhire*, for appellant.

I. The decree sought to be revived was a decree in chancery, and the act regulating judgments and decrees governs it, and not the act concerning mortgages. As it concerns realty, Riley's administrator had nothing to do with it. The heirs of the mortgagor and mortgagee were the proper parties. (R. C. 1845, p. 623, § 13, 14.) No *sci. fa.* having been issued within three years after the rendition of the decree, none could be issued afterwards. The judgment was in full force, to be enforced by execution, but the lien of the judgment was dead and past revival. The lien of the mortgages, not being merged in the judgment, remained ; but this is a proceeding not to sell the land under execution upon the judgment, leaving the purchaser to risk the validity of the mortgage liens, but to revive the lien of the judgment, and give the purchaser the benefit, not of the mortgage liens, but of the judgment lien.

II. The judgment was held by Riley as trustee of Mary McCord, and, upon his death, the trust did not go to, nor can it be executed by, his administrator, but survived to be executed by a new trustee or by a sale of the estate for the specified trust upon a suitable bill in equity by the parties in interest.

III. The answer shows that the judgment was voluntary and without consideration, and it will not be enforced. (1 Story's Eq. § 176.) It will not enforce a voluntary contract. (Id. § 432.)

*Morrow, Jones* and *Hayden*, for respondent, cited R. C. 1845, p. 750, § 4 ; Watkins v. The State, 7 Mo. 334 ; 4 Kent, 186 ; Com. Dig. tit. Chancery, 4 A. 9 ; Demarest v. Winkoop, 3 Johns. Ch. 145 ; Scott v. McFarland, 13 Mass. 309 ; Grace v. Hunt, Cooke (Tenn.) 344 ; Den. v. Spinning, 1 Halst. 471.

SCOTT, Judge, delivered the opinion of the court.

We see no difference between this case, as now presented, and the case as it stood in 21 vol. Mo. Rep. 285. It was a question in our courts at one time whether the proceeding under the statute concerning mortgages was one in equity, or one at common law subject to the provisions of the statute. It was early settled that a proceeding to foreclose the equity of redemption of a mortgage under the statute was a proceeding at law, and was not governed by the rules of proceedings in equity. (Thayer v. Campbell et al. 9 Mo. 277.) It has also been the opinion that, notwithstanding the mode prescribed by the statute, a party might forego the statutory remedy, and pursue his rights in a court of chancery by a bill in equity. When a proceeding to foreclose a mortgage has been had, in order to determine whether it was under the statute or according to the course in chancery we must have recourse to the substance of the thing, and not to the rhetorical flourishes with which it may be accompanied. An examintion of the petition will show that, though the formal parts of it are expressed in language peculiar to bills in equity, yet, in substance, it corresponds with the statute, and pursues the mode therein prescribed. But that which we deem conclusive in relation to the matter is the judgment which was rendered in the cause. That judgment is in strict conformity to the statute, and is such a one as could only have been rendered in a petition under it. Had the proceedings been in chancery, there is a part of the judgment which it was not competent for such a court to give. The judgment, in default of the mortgaged premises satisfying the mortgage debt, awards a general execution against the lands and goods of the debtor. A court of equity has no authority to enter such a decree on a bill to foreclose a mortgage. If the mortgaged property will not satisfy the debt for which it was pledged, the remedy of the party is an action at law for the remainder of it. This is clear law, and we think decisive as to the question whether the proceeding to foreclose the mort-

gage was under the statute or in equity. (4 Kent, 192–3–4–5.) The proceeding to foreclose the mortgage being a statutory one, the objection that the recovery of the administrator would not be assets is answered. It is enough that the statute requires the administrator to be the party. Besides, this being a legal proceeding, the legal right of the intestate passes to his administrator, who may assert it in the same manner that the intestate would have done. It is not for the debtor to object, in a proceeding at law for the recovery of a debt by the trustee or his representative, that the debt will not be assets in his hands. That is the concern of the *cestui que trust*.

Any illegality in the grant of letters of administration can not be taken advantage of in a collateral proceeding. They must be regarded as valid until they are regularly revoked. Moreover, the legal estate in the trust property was sufficient to warrant a grant of the letters of administration.

As to the objection that the mortgage debt was a voluntary one, it may be answered with the remark, that, on a *scire facias* to revive a judgment, nothing can be pleaded that might have been in the original action. After a judgment, it is too late to impeach the consideration on which it is founded.

Judge Ryland concurring, the judgment is affirmed; Judge Leonard not sitting.