JOSEPH W. McCLURG, Appellant, *v.* JESSE A. PHILLIPS AND THOMAS K. PAUL, Respondents.

1. *Demurrer must assign reason.*— Where the reason for a demurrer is not assigned therein, the demurrer should be disregarded. (Wagn. Stat. 1015, § 71.)
2. *Practice, civil — Joinder of actions — Mortgage — Seal — Cause of action — Remedy.*— A prayer, embraced in proceedings to foreclose a mortgage, asking the court to find that the seal of the mortgage was omitted by mistake and to supply it by a special order, does not constitute a distinct cause of action, but merely affects the remedy.
3. *Mortgage without seal may be enforced in equity.*— To authorize the foreclosure of a mortgage under the statute, and a general judgment and execution for any balance that may remain due after the sale of the mortgaged premises, the instrument must be regular; but if irregular, as where the mortgage seal is omitted, it nevertheless is valid to create a lien — a trust for the benefit of the creditor — which can be enforced in equity.

*Appeal from Webster Circuit Court.*

*H. J. Lindenbower* and *E. Y. Mitchell*, with *T. A. Sherwood*, for appellant.

The deed set up is an equitable mortgage, and will be enforced in equity in an action between the parties thereto and all purchasers with notice. Paul could not acquire more by his purchase than his vendor possessed. (See Bank of Muskingum v. Carpenter, 7 Ohio, 21; Lake v. Doud, 10 Ohio, 425; Radcliff v. Seal, 36 Mo. 317; Harrison v. Michelson, 19 Wis. 498.) Courts of equity will aid the defective execution of a deed between the parties thereto and subsequent purchasers with notice, by sealing the same. (See Young v. Coleman *et al.*, 43 Mo. 179; Simmons v. Worth, 3 Miss. 67.)

The proper relief is prayed for in the petition, and the same is not multifarious. (Preston Abst. 62, §§ 1, 2; Preston Cov. 432–5; Greenl. Cruise, 308, §§ 3, 4; 2 Ventner, 141; Cole v. Hume, 5 East, 115; 4 Ad. & El. 228; 23 Mo. 146; 15 Mo. 61; 1 Johns. 140; 2 Washb. Real Prop. 566; 2 Barb., S. C., 270; Sto. Eq. Pl. 40.)

*J. S. Phelps*, for respondent Paul.

There is a misjoinder of causes of action—one at law, complete and separately stated, and one at law combined with one in equity. The demurrer was properly sustained. (Peyton v. Rose, 41 Mo. 257; Curd v. Lackland, 43 Mo. 139; Gray v. Payne, *id*. 203.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff filed his petition to foreclose a mortgage, but the instrument not having been sealed, he sets out that the parties intended that it should have been sealed, and that the omission to do so was a mistake; and he asks to have it reformed, and then that the land be sold for the payment of the debt. Defendant Phillips was the mortgagee and fails to appear. Defendant Paul, who is charged as purchaser with notice, demurs to the petition because the facts stated do not constitute a cause of action. The demurrer was sustained, and plaintiff appeals.

Counsel claim that the demurrer was properly sustained because there was an improper joinder of causes in action. But this reason was not named in the demurrer, and therefore should not have been considered, even if the objection were a good one. "The demurrer shall distinctly specify the grounds of objection to the pleadings; unless it does so, it may be disregarded." (Wagn. Stat. 1015, § 7.) "May" in this connection means "should," and we will only look to the objections specified.

The pleader, as we shall see, took a greater burden upon himself, in seeking to reform the instrument, than was necessary; yet if it were essential, before he could obtain relief, that the court should find that the seal was omitted by mistake, and supply it by a special order, this would not make a distinct cause of action, but would only be part of the remedy. The debt and the lien created by the instrument constitute the cause of action, and the enforcement of the lien, with the removal of what obstacles there may be, is the relief sought.

But it was not necessary to seek the reformation of the instrument. If the mortgagee desired its correction merely, without seeking to enforce it, in order to make it a perfect mortgage con-

veying the legal title, or if he desired to put it in a condition for a proceeding under the statute, then it would be necessary to prove the mistake and obtain an order to correct it. But without any such correction it is a good equitable mortgage, and can be enforced by an action analogous to a chancery proceeding. Before the adoption of the code, a proceeding under the statute was held to be an action at law, and was not governed by rules in chancery. (Carr v. Holbrook, 1 Mo. 240 ; Thayer v. Campbell, 9 Mo. 277; Riley's Adm'r v. McCook's Adm'r, 24 Mo. 265 ; Fithian v. Monks, 43 Mo. 502.) The last two cases arose since the adoption of the code, and the same distinction is taken between a statutory foreclosure and a proceeding under the general power of courts of equity in mortgages and liens. To enable one to foreclose under this statute and obtain a general judgment and execution for any balance that may remain due after sale of the mortgaged premises, the mortgage must be regular ; but if it be irregular, as by the omission of any requisite to a complete instrument, still it is held to create a lien — a trust for the benefit of the creditor — which can be enforced in equity. (Davis v. Clay, 2 Mo. 161; Bank of Muskingum v. Carpenter, 7 Ohio, 21 ; Lake v. Doud, 10 Ohio, 415 ; Abbott v. Godfrey, 1 Mich. 178.) In Massachusetts the jurisdiction of courts of equity is given and limited by statute ; and in Eaton v. Green, 22 Pick. 256, it was held that the court had no jurisdiction over suits in equity for the redemption or foreclosure of equitable mortgages, but it is sustained in Missouri and elsewhere.

The petitioner sets out the instrument and its consideration, which shows a lien upon the land, and among his prayers for relief embraces the one to which he is entitled. The court committed error in sustaining demurrer, and its judgment is reversed and the cause remanded. Judge Adams concurs. Judge Wagner absent.