JOHN B. GREEN and others v. GEORGE J. GREEN.

*Sale by Assignee in Bankruptcy—What Passes.*

A sale by an assignee in bankruptcy of land held in trust by the bankrupt to secure debts due himself, passes to the purchaser the debts secured as well as the legal estate in the land, and entitles him to possession until the debts are paid.

CIVIL ACTION commenced in Union and removed to and tried at Fall Term, 1877, of CABARRUS Superior Court, before *Kerr, J.*

This action was originally brought by Tilman Green to recover a tract of land, and after his death, the present plaintiffs, devisees under his will, were made parties and continue to prosecute the action. See same case, 69 N. C., 294. The facts found upon the former trial, before *Buxton, J.*, were substantially as follows:—The defendant originally owned the land in dispute which was sold at an execution sale and bid off by one Henry Long, at $1000, under an arrangement with the defendant that he was to be allowed to redeem, and Long took the sheriff's deed with this understanding. The defendant set up this equity as a defence to the action, and upon a disagreement as to the amount to be paid by defendant to entitle him to a conveyance of the land, the case was referred and an account of the dealings between Long and defendant stated, in which

the referee reported a balance of $2603,95 due Long   The·
defendant filed no exceptions to this report and it was
confirmed.

Subsequent to said purchase, Henry Long went into
bankruptcy and returned said land in his schedule with the
statement that it ·was subject to redemption by defendant,·
but did not include in such schedule any of the claims he
held against the defendant ; he did however deliver them to
his assignee to be used in a settlement between the assignee
and the defendant.   The land was sold by the assignee· as
the property of Long with notice to the purchaser on the
day of sale, that he should have the benefit of said claims
against the defendant, they not being sold by the assignee.
Tilman Green bought the land at said assignee's sale, for·
$600 and the assignee made him a deed in fee for the same.
The defendant remained in possession of the premises.

The plaintiffs insisted that they were entitled to a decree
against the defendant for said sum of $2603.95 and interest,
and that the land be sold and the proceeds applied to its pay-
ment, and execution issued for the balance, if the defendant
shall fail to pay the same in a certain time, in which event
the defendant is to retain possession of the land and the
plaintiffs to execute a deed to him.

The defendant insisted that he had already over-paid the
incumbrance upon the land and was entitled to a decree for
title without further payment.   But the Court adjudged
that the plaintiffs could only claim the amount of the pur-
chase money, $600, as being a charge upon the land in their·
favor, and ordered its sale to satisfy the same.

Upon a second trial in the Court below, before His Honor,·
the following issue · was submitted to the jury,—" Did the
assignee in bankruptcy of Long sell and assign title to
Tilman Green to the debts owing by the defendant to Long,·
at the time when he sold the land mentioned in the
pleadings " ?   Answer—" He did." There was an appeal.

by both parties from the ruling of His Honor upon the evidence touching this issue, but as he was affirmed as to that part of the case in this Court and the decision rests upon another point, it is deemed unnecessary to set it out.

*Messrs. Wilson & Son* and *Battle & Mordecai,* for plaintiffs. *Messrs. W. H. Bailey* and *R. Barringer,* for defendant.

RODMAN, J.   None of the facts of this case as stated by *Buxton, J.,* seem to be in dispute, until we get to the sale by the assignee in bankruptcy of Long. As to that it is admitted that the assignee sold the land claimed in the complaint, and that it was purchased by the original plaintiff, Tilman Green, at the price of $600. The plaintiffs contended, that as a matter of fact, the assignee sold with the land certain evidences of debt, which Long held against the defendant and the defendant denied that he did. Upon the facts reported by the referee, *Buxton, J.,* held that only the estate of Long in the land was sold, and not the debts owing to him from the defendant, and for which he held the land as a security. When the case came to this Court by an appeal from the judgment of the Judge, it was ordered that an issue be submitted to a jury whether the the assignee sold and plaintiff purchased the debt as well as the land. Upon the trial of this issue the jury found for the plaintiff; thus finding the fact in question differently from what it had been found by the Judge, and thus materially differentiating the question before us from that which was before the Judge.

The issue was tried before *Kerr, J.* Instructions were asked for by the defendant and exceptions taken to those which the Judge gave to the jury. We consider it unnecessary to examine the exceptions in detail. The instructions asked for, were either immaterial or were given in substance by the Judge. We see no error in the proceedings

before him. We may now consider the case as it stands upon the appeal from the judgment of *Buxton, J.*, with the change made by the finding of the jury.

If a mortgagee assigns the debt secured in the mortgage and does no more, an *equitable* estate in the mortgaged land passes to the assignee, for the land under mortgage is regarded in equity as a mere appendage to the debt. 1, Jones on Mortgages, § 817.

But if the mortgagee assigns the land without also assigning expressly or impliedly the mortgage debt, as he may do, the assignee takes the legal estate, but he is a mere naked trustee for whoever may own the debt. This doctrine is founded in reason, for if by the conveyance of the mortgaged land (or other property only) the assignee acquired also the mortgaged debt while the mortagee retained in his possession the notes, bonds, or other evidences of the debts, he could receive payment of them, or assign them fraudulently to an innocent purchaser. It also follows directly from the well settled doctrine that the debt is the principal thing, and the mortgage an incident or appendage only. It is established by many authorities. 1 Jones on Mortgages, §§ 804 to 810; *Thayer* v. *Henning*, 9 Mo., 280; *Johnson* v. *Cornett*, 29 Ind., 59.

As an assignee merely of the mortgaged property, gets nothing of value, very little evidence will suffice to prove an intent to assign also the secured debts. The payment of some value upon such an assignment and the co-temporaneous delivery to the assignee of the evidences of the debt would in the absence of countervailing evidence be conclusive of an intent to assign the debts.

This is the law deduced from the authorities upon an assignment between private individuals. In the case of a sale of mortgaged property by an assignee in bankruptcy of the mortgagee, it must *necessarily* be understood to be of the debts secured, and of the land only as an inci-

dent and appendage to the debts. An assignee in bankruptcy does not take property which is vested in the bankrupt as a naked trustee without any beneficial interest. Bankrupt act, § 14. As he could not take, he could not sell any such legal estate, and such a sale if professed to be made, would be simply void. He had no right to sever the legal estate in the land from the beneficial interest arising from the ownership of the debts. He took the land only as an appendage to the debts, and could sell it only as such.

That he delivered the evidences of the debts to the purchaser of the land is conclusive proof that the debts were the principal which he sold, and the land passed as an incident. The finding of the jury was fully supported by the evidence, and a contrary finding would have been set aside. It is not material that the debts were not scheduled by the bankrupt, formally as such. If they had been omitted altogether, either fraudulently or negligently, they would have passed to his assignee who takes all the property of the bankrupt, except his exemptions. But the land is scheduled as being a security for certain debts, and this was in effect a schedule of the debts; plainly such was the intent and meaning of the bankrupt.

We think that Tilman Green by his purchase acquired the estate in the land which the bankrupt Long had, and stood in respect to it, in Long's shoes. His executor is entitled to demand payment of the debts which it was agreed between the defendant and Long that the land should be held as a security for, and upon the payment of such debts, the defendant is entitled to redeem the land and to have a release from the devisees or heirs of Tilman Green. The $600 which Tilman Green paid was the price of the debts. It is not to be added to the debts.

There does not appear to be any exception to the report of the referee as to the amount of the mortgage debt, but, as in the view which the Judge took of the case, it was not

necessary for him to pass on the report, and he did not. The case will be remanded in order that the amount of the debt for which Long held the land as a security and which was sold by his assignee to Tilman Green, may be ascertained.

Judgment reversed, and case remanded for the purpose aforesaid, and that the case may be further proceeded in according to law.

Error.                           Reversed and remanded.