GEORGE N. NOLAN, Administrator of the Estate of HENRY BREWSTER, deceased, Appellant, *v.* CHARLES BREWSTER ET AL., Respondents.

**May 4, 1885.**

A case, in which the question was one mainly of fact, and which was tried by the court without the intervention of a jury, and in which no instructions were asked or given on either side, affirmed, in deference to the finding of the court below.

APPEAL from Jackson Circuit Court, HON. F. M. BLACK, Judge.

*Affirmed.*

The facts sufficiently appear in the opinion of the court.

E. P. GARNETT, for the appellant.

I. It is impossible to escape the conclusion that the deed of trust was given and accepted to secure the loan in question, for it appears affirmatively, that it was not returned but retained with the other security; that it

was enclosed in the same envelope with the note; that it was beneficial and there could be no object in refusing it; that the policy of insurance on property described in it was transferred to grantee in deed of trust, and never changed after giving other security.

II.  The deed of trust was executed, delivered and accepted in conjunction with other security to secure the loan made, and is efficient for that purpose. The misdescription of the note named in it is immaterial; the debt is what was secured. It was not necessary to have any note.—*Bruat* v. *Robertson*, 16 Mo. 129; *Foster* v. *Reynolds*, 38 Mo. 553; *Stevens* v. *Hampton*, 46 Mo. 404; *Jackson* v. *Bowen*, 7 Cowen 13.

III.  If a deed is found in the grantee's hands, a delivery and acceptance is always presumed. The deed of trust being in beneficiary's favor the law presumes acceptance.—2 Washb. (2 ed.) p. 608, sect. 31; Ibid., sect. 37, page 610.

IV.  Substituting another note for the one described in the deed of trust and taking other security, would not release the deed of trust, unless it should appear from the clearest and most satisfactory evidence that such was the intention of the parties.—*Lippeld* v. *Held*, 58 Mo. 213; *Christian* v. *Newberry*, 61 Mo. 446; *McDonald* v. *Hulse*, 16 Mo. 503.

V.  Depositing deed of trust in post-office is equivalent to delivery.—2 Washb. Real Prop., 2d ed., p. 609.

VI.  The pleadings admit that the note was due and unpaid, and, beyond question, judgment should have been rendered for the amount of the debt.

No brief on file for the respondent.


Opinion by ELLISON, J.

This is an action to foreclose a deed of trust. The making out and signing the deed of trust was not denied. Judgment was rendered dismissing the petition and plaintiff appeals.

The contention at the trial was as to whether the deed of trust was accepted by appellant's intestate, or whether

he rejected and refused it and demanded, obtained, and accepted personal security instead thereof. The cause, as indicated by some portion of the record, was possibly treated in the court below as one in equity; it was tried by the court without the intervention of a jury, and no instructions were asked or given on either side.

The question, as stated by appellant, is "mainly one of fact," and being so, we bow to the finding of the court below on the issue presented. We cannot of course set out the evidence here, but say, that an examination of it does not justify us in stating the finding to be wholly and entirely unsupported by the testimony; or that it is the result of partiality or prejudice. We regard this as an action at law under section 3298, R. S., 1879.—*Mason* v. *Barnard et al.*, 36 Mo. 384; *Riley* v. *McCord*, 24 Mo. 265; *Fithian* v. *Monks*, 43 Mo. 502. We have examined the objections concerning the admission of testimony and think, when considered in connection with the motion for new trial, they can avail nothing here.

The judgment is affirmed. The other judges concur.