BY THE COURT.
So far as your issues are made up you may try them — the agreement may be struck out as of no effect.
The bond was then read, and evidence given that Jennet Schockly was an old woman, and lived with the defendant’s intestate, twelve or fifteen years, and died there in 1808; the bond was for Pennsylvania currency and bore date there.
BY THE COURT. The exhibition of the bond proves the plaintiff’s case, and he cannot be non suited. The payment is matter of defence and the presumption goes to the jury under the second plea.
Other testimony was then offered to the jury; and then an issue was made up on the third plea.
LANE, J. Every government has found it necessary to adopt some limitation to actions, because of the inability after lapse of time to prove demands. In this state the time limited for bringing suit on this kind of demand is fifteen years, but plaintiffs out of the state when the action accrues, are not affected by the statute. The plaintiff seeks to avoid the limitations, because he resided in Pennsylvania when this cause of action accrued. Of this issue he has *540 the affirmative, and is bound to prove it to you; if he has failed to do so, the part of his defence resting on that ground fails.
As to the presumption of payment — lapse of time is only probable evidence of payment, not conclusive, and slight circumstances are admitted to do away the presumption. Every one is presumed to call in what is due to him, shortly after it is due, according to the usages of society, and if written evidence of debt under seal, remain twenty years after the debt is due, it is supposed to have been carelessly left, though the money is paid, and prima facie, the debt is held paid. The plaintiff may meet and repel this presumption by showing an inability to prosecute, or any other circumstance which satisfies the jury that the debt is unpaid.
Verdict and judgment for the defendant.