WILLIAM T. MASON, Defendant in Error, *v.* JOSEPH S. BARNARD AND ELIZA B. FITHIAN (HUGH A. GARLAND AND JOHN G. PRIEST, TRUSTEES), Plaintiffs in Error.

1. *Mortgage—Practice.*—Under the statute of this State, the proceeding for the foreclosure of the equity of redemption of a mortgage, or deed of trust, is a proceeding at law and not in equity.

2. *Practice—Error.*—Where no exceptions are saved in the inferior court, the Supreme Court will only notice errors apparent on the face of the record.

3. *Mortgage—Deed of Trust—Notes.*—Where a deed of trust given to secure the payment of several notes falling due at different dates—provided, that if any note should remain unpaid after it fell due, that then all the notes should become due—the notes become due only for the purpose of distributing the fund realized by the sale under the power. Such a provision will not authorize the rendition of a personal judgment against the maker before the notes mature.*

4. *Practice—Judgment—Error.*—A judgment rendered against a defendant upon a debt not due is erroneous, and the error may be taken advantage of even after a judgment by default.

* See Morgan v. Martien, 32 Mo. 438.

Mason v. Barnard et als.

5. *Mortgagor—Substitution.*—A. executed a deed of trust, in the nature of a mortgage, to secure a debt, and subsequently by deed poll conveyed the property to B., reciting in the conveyance that part of the consideration was the payment of the encumbrance by B.; *held,* that B. could not be considered as a mortgagor, and that a personal judgment against B. for the mortgage debt was erroneous. (R. C. 1855, p. 1089, §§ 10, 14.)

## Error to St. Louis Land Court.

On the 9th May, 1859, Catherine Graham conveyed a lot of ground to Joseph S. Barnard for a consideration, which was partly paid in cash, and for the remainder he executed five promissory notes, all dated 9th May, 1859, one for $319.80, due six months after date, and four others, each for $638.16, due respectively [in one, two, three and four years from date, and bearing six per cent. interest until paid. To secure these notes, Joseph S. Barnard executed a deed of trust on the land, bearing date the 9th May, 1859. By this deed it was provided, that, if default should be made in the payment of any one of said notes, " then all of said notes, at the option of the holder thereof, might be considered as due, and the said trustees, or either of them, might, without waiting for the maturity of any of the other notes, proceed to sell the said property, or any part thereof, at public vendue," &c., &c. " It being also agreed that in case any of said notes should remain unpaid after maturity, the same should bear interest therefrom at the rate of ten per cent. per annum, payable yearly." On the 13th June, 1859, Joseph S. Barnard executed and placed on record a deed of that date, whereby he conveyed to Eliza B. Fithian, in consideration of her assuming $4,780.83, certain tracts of land, including the land conveyed to him aforesaid. This deed was executed by Joseph S. Barnard, not by Eliza B. Fithian.

It further appeared from the petition, that the last three of the above described notes " came to the possession of the plaintiff by delivery, and that thereupon and therefore he became the legal holder thereof, and entitled to the money due thereon, and to enforce the said deed of trust; " that

the two years note is due and unpaid, and that the other two notes not yet due are also wholly unpaid"; that the said William T. Mason " elects to consider the notes above mentioned payable in three and four years immediately due, and payable in accordance with the terms of the said deed of trust." Wherefore, he "prays judgment that the defendants," [who were Joseph S. Barnard, Eliza B. Fithian, and the two trustees in the deed of trust] &c., &c., " be foreclosed of all interest, lien and equity of redemption in the said premises, and that the same be sold ; that the proceeds thereof be applied to the payment of the costs and expenses of this action, and the payment of the amount due on said notes, under and in accordance with the terms of the said deed of trust, with interest on the said money up to the time of payment ; and if the money arising from the sale of said premises should be insufficient to pay the amount due and coming to the plaintiff on account of said debt, on the ascertainment of such deficiency the plaintiff may have judgment over personally against as well the said Eliza B. Fithian as the said Joseph S. Barnard for the amount thereof, together with interest and costs," and such further relief as to the court might seem fit.

This petition was filed on the 12th December, 1861, and on the same day a writ of summons was issued against all the defendants and returned served.

On the 10th day of February, 1862, there was a decree *pro confesso* against Barnard and Fithian. Garland and Priest, trustees in the deed, answered ; and on the 23d October, 1862, the following decree was made :

" William T. Mason, *v.* Joseph S. Barnard, Eliza B. Fithian, Hugh A. Garland, and John G. Priest.

" Now, at this day this cause coming on for trial, and the petition of the plaintiff having heretofore been taken as confessed against the defendants Joseph S. Barnard and Eliza B. Fithian, who, although summoned and called, failed to appear and answer the same, and all of said defendants now failing to appear, on motion of the plaintiff's attorney,

the same is submitted to the court for trial on the pleadings and proofs; and the court having duly heard and considered the same, and it appearing therefrom that the plaintiff is entitled to the judgment asked for in his petition, and proceeding to ascertain the amount due and payable to the plaintiff by the defendants Joseph S. Barnard and Eliza B. Fithian, for the debt mentioned in the petition and the deed of trust set forth therein, and interest thereon to the date thereof the court doth find the same to be two thousand three hundred and eleven dollars and thirty-seven cents. The court doth therefore order, judge and decree, that the plaintiff do recover of the said Joseph S. Barnard and Eliza B. Fithian the said sum of money, together with legal interest thereon from the date hereof, and the costs of this suit, to be levied of the following real estate," &c., &c., (describing the land designated in the deed of trust) " and it is further ordered, adjudged and decreed, that if the said real estate and premises be not sufficient to satisfy the said debt, interest and costs, then the residue thereof shall be levied of other goods, chattels, lands and tenements of the defendants Joseph S. Barnard, Eliza B. Fithian," &c., &c.

To reverse this judgment, Joseph S. Barnard and Eliza B. Fithian brought a writ of error.

*T. T. Gantt*, for plaintiffs in error.

I. It was grossly irregular to take judgment on notes not yet due, even as against Joseph S. Barnard; and as against Eliza B. Fithian, who was never a party to these notes, such judgment was an absolute nullity.

II. It was wholly without legal warrant that the court proceeded to give against Eliza B. Fithian any judgment extending beyond her interest in the property described in the deed of trust, or subjecting any other property of hers to execution under that judgment. (Riley, Adm'r, v. McCord, 24 Mo. 265; R. C. 55, §§ 10–11, p. 1089; Simmons v. Blake, 20 How., N. Y., 482–486.)

III. The proceeding as to Mrs. Fithian is not only irregu-

lar so far as to be erroneous, but is utterly void so as to defeat the title of the purchaser under such judgment of any property not embraced in the mortgage deed, or deed of trust. (20 How. N. Y., Prac. 482.)

IV. Although there is an allegation in the petition that " by the terms of the same conveyance the said Eliza B. Fithian [did] expressly assume and agree to pay off and discharge the amount of said encumbrance, or deed of trust upon the said premises, as a part of the consideration or purchase money therefor," yet the petitioner makes this same deed a part of his petition, and it is quite plain from an inspection of its tenor that this allegation is untrue in fact and in law, and so it appears on the face of the petition itself that Eliza B. Fithian was in nowise liable for this debt or encumbrance.

V. It equally appears from the petition itself that the plaintiff was not entitled to judgment for the debt or encumbrance against any one, the debt not being due even when judgment was rendered, and still more not due when suit was commenced.

*R. M. Field*, with *Glover & Shepley*, for defendant in error.

I. The petition shows a good cause of action against Mrs. Fithian. The deed to her was not a grant of the mere equity of redemption subject to the debt, but was a conveyance of the land generally, she taking the title and agreeing to pay off and discharge the encumbrance as a part of the consideration. *In equity*, as between herself and Barnard, she thus became the principal debtor, his situation being that of surety for her. (24 N. Y. App. 178; 14 Iowa, 476; 21 Texas, 27; 4 Ohio, N. S. 353; 15 Ind. 160.) The acceptance of a deed with such a clause in it is equivalent to an *express* promise to pay the mortgage debt. (1 Gray, 317.) It not necessary to aver the delivery or acceptance of a deed; and an acceptance will be presumed, when the deed is beneficial to the grantee. The obligation of the

purchaser enures by equitable subrogation to the benefit of the creditor, or holder of the mortgage. (10 Paige, 468; 9 *id.* 446; 2 Beaseley's Ch. 63; 4 Ohio, N. S. 333; 27 Conn. 615; 24 N. Y. App. 179; 11 Iowa, 88; 7 Cal. 106.)

II. There was no misjoinder. As to the principal defendants there was a common subject matter—the mortgaged premises and the debt. Although formerly regarded as different causes of action, the one equitable and the other legal, both may now be joined. (Willard's Eq. 452; 14 Iowa, 476; 10 Cal. 299; 21 Texas, 27; 10 Ohio, N. S. 438–9.)

So far, then, as relates to the petition, if, notwithstanding their default and neglect in the court below, the plaintiffs in error are still entitled to question its sufficiency; as there was no defect of jurisdiction, it can only be upon the single ground that it contains no cause of action whatever. This objection is untenable for the reasons already suggested. Two of the notes were due at the date of the judgment; the first when the suit was instituted, and the last has since matured. Besides, by the terms of the deed of trust all were to become due, at the option of the creditor, if default were made in the payment of either. Such a contract will be enforced in a court of equity. (Valentine v. Van Wagner, 37 Barb. 60; Plank Road v. Murray, 15 Ill. 337; Kramer v. Rebman, 9 Iowa, 116; 3 White & Tudor, Lead. Cases, 672.) More pointedly to the purpose is Evey v. Smith, (18 Ind. 461.) A judgment of foreclosure will not be reversed because, amongst other things, it was given for the whole sum specified in the mortgage, though part of it was not due when the judgment was rendered. In principle, this is precisely our case; for in Indiana, as in New York, the statute authorizes a judgment over for the deficiency only where " the defendant is liable for the same at law." (20 Ind. 21; 34 Mo. 373; *id.* 321.)

WAGNER, Judge, delivered the opinion of the court.

Several questions have been elaborately discussed in the argument of this cause, which we have found it unneces-

sary to consider, as the record discloses two points which must control and decide it.

No exceptions being saved in the court below, we can notice nothing except error apparent on the face of the record. The equitable doctrine of subrogation, insisted on by the counsel for the defendant in error, can have no application for the reason that the petition is not in the nature of a bill in equity, but a proceeding strictly in accordance with the statute regulating foreclosures. A bill in equity could not ask such relief as the plaintiff demanded in his petition, and no chancellor exercising exclusively equitable powers would have been justified giving such a decree or judgment as the court rendered in this cause. By a bill in equity the property might be subjected to the payment of the trust debt, but there the proceedings must cease; and if a general judgment is desired for the residue of the debt, where the property proves insufficient, it can only be obtained by invoking the aid of the statute. And it is now well settled that a proceeding to foreclose the equity of redemption of a mortgage or deed of trust, under our statute, is a proceeding at law, and not governed by the rules of proceedings in equity; and this, it seems, is not altered by the code allowing legal and equitable remedies to be joined. (Thayer v. Campbell et al., 9 Mo. 277; Riley v. McCord, 24 Mo. 265.)

The prayer of the petition is for judgment that the defendants and each of them, and all persons claiming under them, may be foreclosed of all interest, lien and equity of redemption in the premises, and that the same be sold, and that the proceeds thereof be applied to the payment of the costs and expenses of the action, and to the payment of the amounts due on the said notes; and that should the proceeds arising out of the sale of the premises be insufficient to satisfy the debt, then upon the ascertainment of the deficiency for a general judgment over personally against the defendants for the residue.

Upon this prayer the court gave judgment foreclosing the

equity of redemption in and to the premises described in the deed of trust; and also further ordered, adjudged and decreed, that if the said real estate and premises were not sufficient to satisfy the debt, interest and costs, then the residue should be levied of the other goods, chattels, lands and tenements of the defendants.  By the terms of the deed of trust, the trustee was empowered to sell all the property when the first note fell due; and they were all to be considered, at the option of the person holding the same, to be matured upon the first default, for the purpose of the application of the trust fund.

But the reason for such a provision is obvious.  Upon a sale of the whole property, if the purchase money exceeds the amount due on the first note, it would have to lie in the hands of the trustee without interest till the succeeding note matured, if no condition was made to the contrary ; and the condition inserted to elect to consider them all due, was for the purpose of distributing the trust fund to all when the property was sold, but for that purpose only.  It was never intended that they should become due for the purpose of obtaining a judgment at law.

It has been often held that where suit is brought on a cause of action before the same is past due, the proceeding is not only wrong, but the defendant aggrieved thereby may avail himself of the objection by prosecuting his writ of error even after judgment by default.  (Randolph v. Cook, 2 Port. Ala. 286 ; Lowry v. Lawrence, 1 Caines, 69 ; Cheatham v. Lewis, 3 Johns. 42 ; Ward v. Honeywood, Doug. 61.)  But in Blount v. McNeil (29 Ala. 473), a distinction is taken where the entire cause of action is immature at the commencement of the suit, and where a part only is not due when the suit is instituted.  And it is decided that, in the latter case, the defence could only be partial, going simply to the notes not due, and that it would not be available when no objection was in any way made in the court below.  But the determination was made upon the provisions of the code in that State.  But what must be considered as decisive in

the case at bar, is the judgment against Mrs. Fithian.   Barnard executed to her a deed for two pieces of property, one of them being the same which was bound by the deed of trust.   It is recited in the said deed, that, as a part of the consideration, she is to pay off the notes embodied in the said deed of trust ; but this was a deed-poll, not a deed *inter partes ;* it was executed by Barnard alone, and never executed or acknowledged by Mrs. Fithian.

As has been heretofore observed, this proceeding was wholly statutory; and the statute declares that when the mortgagor has been duly summoned, the judgment, if for the plaintiff, shall be that he recover the debt, damages and costs, to be levied of the mortgaged premises ; and that if the mortgaged property be not sufficient to satisfy the same, then the residue to be levied of other goods, chattels, lands and tenements of the mortgagor.   (2 R. C. 1855, p. 1089, §§ 10, 14.)

Mrs. Fithian never executed the instrument—could in no sense be said to be a mortgagor ; and the judgment over against her, personally, was erroneous and irregular.

Judgment reversed and cause remanded.   Judge Holmes concurs ; Judge Lovelace absent.