WILLIAM H. BROWNLEE, Respondent, *vs.* SILAS D. ARNOLD, Appellant.

| 60 | 79 |
|----|----|
| 42a | 426 |

| 60 | 79 |
|-----|-----|
| 103 | 669 |
| 105 | 499 |

| 60 | 79 |
|-----|-----|
| 114 | 261 |
| 117 | 208 |

| 60 | 79 |
|-----|-----|
| 133 | 336 |

| 60 | 79 |
|------|-------|
| e93a | 1136 |

1. *Notes secured by deed of trust—Provision that neither note shall be collected till last one fall due—Suit on notes, how affected by.*—Where a deed of trust given to secure sundry notes maturing at different dates, provides that none of them shall become due and that the deed shall not be foreclosed, till the maturity of the note made latest payable, the holder who purchases one of the notes with knowledge of the above provision, cannot recover judgment thereon until the last note matures. In such suit the note in action and the deed of trust may be read together and considered as one instrument.

(As to how far the deed qualified the time of payment of the note, the action not being a proceeding to foreclose the deed, Hough, J., expressed no opinion.)

## *Appeal from Linn Circuit Court.*

*Ell Torrance,* for Appellant.

The note and deed of trust were parts of the same contract. (2 Pars. Cont., 5 ed., 653, and note with cases cited.)

*W. H. Brownlee,* for Respondent.

The note is in no way affected by the deed of trust, unless respondent chooses to proceed under the deed. He may elect as to remedy. (2 Am. Law Reg. [N. J.], 650; Young vs. Ruth, 55 Mo., 515.)

SHERWOOD, Judge, delivered the opinion of the court.

On the sixth day of December, 1871, the defendant purchased of one Roberts a certain lot of ground in the town of Brookfield, for the sum of $3500, paying $1380 in cash, and executing four promissory notes for the residue, due in one, two, three and four years from said date. To secure these notes a deed of trust of even date therewith was made on the land sold, which deed contained the express condition, that the notes should not become due, nor the deed of trust be foreclosed, until the fourth note should mature, viz: the sixth day of December, 1875. The first note, after its maturity, was assigned to plaintiff, who purchased it with full knowledge of all the circumstances attendant upon its execution.

An answer making the foregoing allegations was striken out on motion, as constituting no defense to the action, and judgment rendered accordingly. The propriety of this ruling will now be considered.

I. The notes and deed of trust, having been contemporaneously executed, and both relating to the same subject matter, viz: the indebtedness which had accrued, can properly be read together, and regarded as one instrument, so far as concerns the purpose of the present inquiry: (2 Pars. Cont., 553; Hunt vs. Frost, 4 Cush., 54; Hanford vs. Rogers, 11 Barb., 18; Gammon vs. Freeman, 31 Me., 243, and cases cited.)

II. It cannot be successfully disputed that it was perfectly competent for the parties to the contract to so arrange the matter between themselves, that none of the notes should fall due until such time as the last one became by its terms payable. Nor can it be doubted, after inspection of both the notes and deed of trust, that this was the intention which prompted the insertion of the clause in the latter instrument referred to in the answer, nor that the agreement in this regard, had for its basis a valid and sufficient consideration.

III. As the plaintiff purchased the note under the circumstances detailed in the answer, he occupied no better position than the original payee would, had he been plaintiff in the present action.

The judgment will be reversed and the cause remanded; all the judges concur.

Per Hough, J.

I concur in the opinion that the note and trust deed may be read together for some purposes, but express no opinion as to how far the trust deed qualifies the time of payment of the note in this case, this not being a proceeding to enforce the trust deed.