———o———

EDWARD B. WAPLES, Appellant, *vs.* JASPER JONES, Respondent.

1. *Mortgages and deeds of trust—Notes—Contemporaneous acts, how construed.—* Where the execution of a deed of trust, and the signing and delivery of the notes therein mentioned, are contemporaneous acts, they form parts of a single transaction, and must all be read and construed together. (Brownlee vs. Arnold, 60 Mo., 79.)

2. *Bills and notes—Interest, when a debt.—*If, by agreement, interest on a note is to be paid annually, this constitutes a debt, if the parties make it so by their contract.

Waples v. Jones.

3. *Mortgages and deeds of trust—Notes—Interest due, agreement to compound— Effect of.*—By agreement in a deed of trust the interest on a note, if not paid when due, should be compounded, *Held*, this was no waiver of the right to enforce its payment when due.

*Appeal from Livingston Circuit Court.*

*C. H. Mansur*, for Appellant.

I. The two notes and the deed of trust are to be construed as one instrument, and all taken together form but one contract. (Brownlee vs. Arnold, 60 Mo., 79, and cases cited; Cornell vs. Todd, 2 Den., 123, and authorities cited.)

II. The payer in the note, and he alone, had the right to determine whether the interest must be paid annually, or whether he would permit it to run as a part of the principal, bearing the same rate of interest. (2 Pars. Cont., 5 ed., 506, 507, and note *m.*; Dann vs. Spurrier, 3 B. & P., 399.)

*H. C. Samuel*, for Respondent.

I. It was at the option of the makers to pay the interest annually, or have it compounded and bear the same rate of interest as the principal, as provided in the notes and deed of trust. (Smith vs. Sanborn, 11 John., 59; 2 Pars. Cont., 2 ed., 170, 171.)

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding originally instituted under sections 38 and 39 of the landlord and tenant act (Wagn. Stat., 883, 884). before a justice of the peace, to recover the possession of a tract of land. In the justice's court the plaintiff had judgment; but on an appeal and trial in the circuit court, the judgment was for defendant.

The plaintiff claims title under a sale made by a trustee by virtue of a deed of trust; and the only question decided by the court below, and which is now here for revision, was, that the sale was prematurely made, and that no title passed.

From the facts in the case it appears that Charles E. Jones and Elizabeth, his wife, in March, 1874, executed to Joseph

A. Cooper, as trustee, their deed of trust, conveying to him the land in controversy, to secure the payment of two promissory notes therein described, of even date with the deed, and payable to one John H. Ware. Charles E. Jones rented the land to the defendant, after the making of the deed of trust, but before the sale thereunder, and this proceeding was against him as Charles E.'s tenant.

The case depends wholly upon the construction to be given to the following provision of the deed of trust, as to when the payments were due which would authorize a sale: "Whereas the said parties of the first part have this day made and executed and delivered to the said party of the third part their promissory notes of even date herewith, by which they promise to pay to the said John H. Ware or order, for value received, two thousand one hundred and twenty dollars, three years after date, one note for the sum of two thousand dollars, payable at the banking house of the Peoples' Saving Bank at Chillicothe, with ten per cent. interest per annum from date, interest due and to be paid annually, and if not paid annually to be compounded and bear the same rate of interest as the principal. The other note for the sum of one hundred and twenty dollars, payable at the said Peoples' Saving Bank, both due in three years from this date, and bearing ten per cent. interest per annum, interest to be due and payable annually, and if not paid annually to be compounded and bear the same rate of interest as the principal. * * * * Now, therefore, if the said parties of the first part, or any one of them, shall well and truly pay off and discharge the debt and interest expressed in said notes and every part thereof, when the same becomes due and payable according to the true tenor, date and effect of said notes, then this deed shall be void, and the property hereinbefore conveyed shall be released at the cost of the said parties of the first part; but should the said first parties fail or refuse to pay the said debt, or the said interest or any part thereof, when the same or any part thereof shall become due and payable, according to the true tenor, date and effect of said notes, then the whole shall become due and payable," etc.

The deed then authorized the trustee to proceed and sell the land, when there was a failure to pay according to its provisions.

Default was made in the payment of the first year's interest, and at the request of the holder of the notes, the trustee, after giving the required notice, sold the land, and the plaintiff became the purchaser.

The court declared the law to be, that the trustee had no right or power to make the sale under the deed of trust, until the lapse of three years from the date of the deed, and that the sale made by the trustee, and the deed made in pursuance thereof, passed no title to the plaintiff.

The execution of the deed of trust, and the signing and delivery of the notes, were contemporaneous acts, and must all be read and construed together. They form parts of a single transaction. (Brownlee vs. Arnold, 60 Mo., 79.)

In the case just cited a deed of trust was given to secure the payment of four promissory notes, falling due at one, two, three and four years after date. There was a condition in the deed, that the notes should not become due, nor the deed of trust foreclosed, until the fourth note should mature; and it was held that it was competent to the parties to the contract to so arrange the matter between themselves that none of the notes should fall due until such time as the last one by its terms became payable.

The parties had the undisputed right to provide for a sale if the interest was not paid annually, if they saw proper to make such a contract. Nothing is more common than, when a deed of trust is made to secure the payment of several promissory notes, falling due at different periods, to provide that, if the first note is not paid at maturity, then all the notes shall become due and payable, and the trustee shall sell for the whole amount.

If the agreement is, that interest shall be payable annually, this constitutes a debt, if the parties make it so by their contract.

The interest in this case was to· be paid annually, and if not paid it was to be compounded; but the agreement for compounding it was no waiver of the right to enforce its payment when due, if the party elected so to proceed.

The deed declares, that, if the parties of the first part fail or refuse to pay the debt or the interest, when they become due, then the whole shall become due and payable. This· language is susceptible of but one interpretation; it can import but one thing, viz: that if the interest was not paid annually, as it became due, then the whole debt, principal and interest, should become due and payable at the election of the holder of the notes, and he might require the trustee to sell for the whole debt.

The court, therefore, in its ruling, committed manifest error. There can be no doubt of the plaintiff's right to pursue his remedy under the landlord and tenant act.

The judgment should be reversed and the cause remanded. All the other judges. concur, except Judge Vories, who is absent.