HEISLER, ADMR. ETC., APPELLANT, v. LYON, APPELLEE.

1. COMMERCIAL PAPER—INDORSER'S LIABILITY.

The liability of an indorser of commercial paper is to be measured solely by the note to which his name is affixed. Unless varied by some collateral agreement to which the makers were party and which by necessary intendment became a part of the promise to pay so that it would bind the indorser, the right of action must be measured by the terms of the promise.

2. COLLATERAL AGREEMENT, EFFECT OF.

It seems that a stipulation concerning the maturity of commercial paper which is contained alone in a deed of trust, must be taken as determinative only of the rights of the parties with reference to the enforcement of that security.

3. SAME.

Where a note was made by three parties, and a deed of trust containing a stipulation concerning its maturity contrary to its tenor and effect was signed by only two of them, it cannot, by construction or intendment, be incorporated into the promise of the one not signing so as to compel payment before the time stipulated; and no liability

can arise against the indorser which could be enforced against him until after default by the maker.

*Appeal from the District Court of Larimer County.*

THIS action was brought by Lyon against Heisler, the appellant, as administrator of the estate of W. H. Avery. The plaintiff declared on the following promissory note:

FIRST NATIONAL BANK, FORT COLLINS, COLO.

$1,800.            FORT COLLINS, Colo., Jan. 15, 1890.

Five years after date, I promise to pay to the order of William H. Avery, Eighteen Hundred ($1,800) Dollars, at the First National Bank of Fort Collins, Colo., with interest at no per cent. per annum, from date until due.

Unpaid principal and defaulting interest to bear interest at eighteen per cent. per annum, from maturity until paid, fees for collection included with principal.

Value Received.

(Signed)        FRANK D. FRENCH.
                MARY C. FRENCH.
                O. C. FRENCH.

To this note interest coupons were attached each for sixty-three dollars due every six months, and otherwise of the same tenor and amount as the principal note. In order to establish the maturity of the paper, the plaintiff set up that, on the date of the execution of the note, Frank D. and Mary C. French executed and delivered to F. C. Avery, as trustee for the use of the payee, W. H. Avery, a trust deed upon certain property described. There was also set out one of the conditions of the trust deed, which was substantially that in case of default in payment of the principal and interest, or any part of it, the whole of the principal sum secured by the trust deed should, or might become, at once due, anything in the notes to the contrary notwithstanding. The trust deed likewise authorized the sale of the premises covered by the deed for the payment of the principal obligation. The plaintiff, Lyon, alleged that before the maturity of the

paper, the payee, Avery, for a valuable consideration, indorsed the note and interest coupons to him, and likewise assigned the deed of trust. He then averred a default of the payment of the interest and the foreclosure of the deed of trust under the power of sale which it contained, and a partial satisfaction of the debt. This suit was then brought to recover the unpaid balance, said to be $1,692.50. The plaintiff alleged the insolvency of the makers of the note, and as stated brought the suit against the indorser alone. The judgment was for the plaintiff, and the administrator appeals.

Mr. J. P. HEISLER, for appellant.

Mr. E. A. BALLARD, for appellee.

BISSELL, P. J., delivered the opinion of the court.

There was no right of action against the indorser of this commercial paper at the time the suit was brought, for his liability was to be measured solely by the note to which his name was affixed. The original promise was to pay the sum named five years from the date of the instrument, with the agreed interest specified in the coupons attached. When the payee, for a consideration, indorsed the paper to the holder, he simply undertook according to the well settled principles of the law merchant that the makers should discharge their promise according to its terms. Unless varied by some collateral agreement, to which the makers were a party, and which became by necessary intendment and construction a part of the promise sued on so that it would bind the indorser, the right of action must of necessity be measured by the terms of the promise. The appellee contends, and the court below found, that the trust deed, which was executed concurrently with the note, contained a clause which was to be taken as incorporated into and a part of the promise, and that thereby the holder of the note had a right to declare the whole sum

due and bring his action, without waiting for the maturity of the promise. It must be conceded that some basis for the contention is found in the case of *Noell v. Gaines*, 68 Mo. 649, where that court held in a somewhat similar case, that the trust deed and the note were to be construed together on the basis of concurrently executed agreements, and that a cause of action against the makers might be held to exist contrary to the exact terms of the promise contained in the note. The court was not unanimous in the declaration of the principle, and the main opinion seems to concede that the application of it might be varied by knowledge or want of information on the part of the holder that the deed of security contained this provision. There are well considered cases even in that state as we think, as well as others, which do not accept this as the law, and which decide that a stipulation concerning the maturity of the paper which is contained alone in the trust deed must be taken as determinative only of the rights of the parties with reference to the enforcement of the security. *McClelland v. Bishop*, 42 Ohio State, 113 ; *Mallory v. West Shore R. R. Co.*, 35 N. Y. Sup. Ct. 175; *Morgan v. Martien*, 32 Mo. 438 ; *Mason v. Barnard et al*, 36 Mo. 384.

We are not compelled to declare which is the better principle as between these conflicting authorities, although we confess that we are unable to see on what basis the liability of the indorser of a promissory note can be enlarged by the terms of a contract to which he was not a party. The facts disclosed by this record remove any possibility to apply the doctrine stated in the *Noell* case. The note in suit was made by three parties. The trust deed was executed by only two of them. O. C. French did not sign the security, and hence was not bound by the clause in that instrument, by virtue of which the holder was given the right to declare the maturity of the entire promise in case of a failure to pay any of the interest coupons attached to it. We are not considering the right of the holder with reference to the enforcement of the coupon notes attached, since it might possibly be true that those would stand as independent promises, with a right of action

accruing as the default might occur. The only matter we decide is that since O. C. French, who was one of the makers, did not sign the contemporaneous agreement, it may not be incorporated into his promise by construction or intendment, so as to bind him and compel him to pay before the time agreed on. Manifestly, if this be true, no liability would arise against the indorser, which would be enforceable as against him until after a default by the maker of the note, for whose promise he had become a guarantor by his indorsement. Since the note had not matured as against either the maker or the indorser at the time suit was brought, a judgment could not be recovered against them for the principal sum. It is quite possible that some of the coupon notes were due at the time the suit was instituted, and that the plaintiff under his complaint would have a right to recover on what had matured and remained unpaid.

We cannot settle this question on the present appeal, and the case is therefore reversed and remanded for further proceedings not inconsistent with the judgment.

*Reversed.*